My name is Brian. I'm his juror. For the petitioner, along with my co-counsel, Mr. Seth Kattra. Okay. Before I begin, I'm sure the court is aware that Mr. Kattra is present, but he is not represented by any attorney. Mr. Rosenberg was suspended by this court, and therefore he has subsequently withdrawn from the matter. Well, you might want to keep your voice up just a little bit. All right. You may proceed. Well, this gentleman is your... Mr. Kattra. He is not currently represented by any attorney. Okay, Mr. Kattra. Great. So there's... This is my first time before the court. All right. So I hope you all are going to go a little easy on me. And there's two points before I begin that I wanted... We're very kind. Just be yourself and speak up with passion. Thank you for your advice. There's two points I wanted to make before I began. One is that I was born with a slight speech impediment. You know, this is just the way God made me. I'm very comfortable with it, and the panel should feel equally as comfortable asking me to repeat myself if I'm not being clear. You have to keep your voice up just a little bit. All right. Why don't you try yelling at me? Sure, Your Honor. And the second is, I recently heard, discovered that Mr. Kattra is now currently pro se. So with that, we urge the court to consider, if it is currently inclined to rule adversely against Mr. Kattra, to consider granting him a continuance to potentially gain new counsel in the matter. However, Abbot Nitzkirai is ready to give an oral argument today. Fine. Okay. All right. We respectfully ask the court to hold that the Board of Immigration Appeals abused its discretion in denying Mr. Kattra's motion to reopen because this court has jurisdiction to review the petition, because the administrative record on its face shows ineffective assistance of counsel, and because that ineffective assistance prejudiced Mr. Kattra. In the alternative, we request that this court remand the matter to the Board so that Mr. Kattra can further present his ineffective assistance of counsel claims and present other grounds that he may be eligible for relief. The court has jurisdiction to review Mr. Kattra's claims against Mr. Saucedo and Mr. Rosenberg, even though they were not administratively exhausted. By statute, this court can only entertain petitions for review by aliens who have administratively exhausted all remedies as of right. However, in Castillo-Villagra v. INS, this court held that a motion to reopen is discretionary by nature and is not a remedy as of right. Counsel, may I just ask you this question? How can a claim based on status adjustment serve as a basis for relief on a motion to reopen if Mr. Kattra has just begun the first step of a multistep status adjustment process? That's an excellent question, Your Honor. The standard to prove prejudice for a motion to reopen based on ineffective assistance of counsel is precisely that. It's not to show prima facie that Mr. Kattra is eligible to adjust his status, only that there's plausible grounds. And here there was plausible grounds. As you were stating, he was in the initial process of adjusting his status. There was a pending labor certificate application. In addition, he was eligible for the Life Act, which provides him every available option to adjust his status under the Immigration Naturalization Act. Once he receives his visa number, he's able to adjust his status. To obtain that, he can go through any process from family reunification to applying for another labor certificate and so forth. All right. Let me just ask you one other question. What is Mr. Kattra needed continuous to apply for deferred action status for humanitarian reasons or for the diversity lottery? Weren't those options available to him at any time? They were. And Mr. Kattra has been attempting to get a visa through the diversity lottery. Yeah. Why don't you save the rest of your time? We'll hear what the government has to say. Okay. Thank you, Your Honor. Thanks. All right. Good morning. And for the record, it's my first time in front of the Court as well. Oh, that's all right. May it please the Court. My name is Andrew O'Malley, and I represent the Attorney General of the United States. In this case, the petitioner asked this Court to upset a final determination of the Board of Immigration Appeals because he allegedly received ineffective assistance of counsel. Okay. Can I stop you this time? Okay. Are you acquainted with the background of all these lawyers, so-called? Briefly, Your Honor. I've read the case law. Well, so let me – I'm going to do this quickly. This gentleman, Mr. Katra, filed for a labor certification in April of 2001, and once he got in removal proceedings, he retained a lawyer by the name of James Valinati. Do you know who he is? I do, Your Honor. What? Yes, Your Honor. Okay. And – but then he was – now, Valinati was in some serious trouble with the State Bar. And, you know, there's some evidence in the record that he was associated with a notorio, we'll call a notorio X. And so notorio X, there's some evidence, was – suggested that Mr. Katra be represented by Lenny Bush. And at his merits hearing, he was represented by Bush and Christina O. And now, Miss O. had no knowledge whatsoever of Katra's case, and the Immigration Court was never told of the labor certification. That judge had no idea that there was a labor certification that was ongoing. And then Valinati resigned from the State Bar because of disciplinary charges pending. He did that in August of 2003. State Bar found that he'd committed 18 counts of misconduct in nine cases, five additional counts of – were uncharged but proven misconduct. He handled more than 2,720 immigration cases in a two-year period and routinely placed his interest above those of his clients. So that was the person that this gentleman here was referred to. And then the notorio sent him to these other folks, Lenny Bush and Christina O. And they both then tied in with the law offices of John P. Bruno, and Bruno was disbarred 2007. And then Mr. Katra filed a motion to reopen with new counsel, James L. Rosenberg. And that motion was deficient and didn't even name Valinati as Katra's former counsel. And then Rosenberg was suspended from practice in front of this court this year and – for one year. And then Mr. Katra also has a life-threatening illness, and that was in his labor certification as a diamond sorter. And if you do a search, if you do a search of briefs that were filed in this court, you will find that there's a whole page – I've got them if you want to see them – where Rosenberg was accused of incompetence by other lawyers, including Mr. Bruno, who was disbarred. So you see what we're working with here? I do, Your Honor. You know, it's a disgrace to our country. The BIA knows about this. The immigration judges know what's going on here. You know, you could be a disbarred lawyer and practice before the immigration court. And this goes on and on and on, and people are – innocent people are cheated and defrauded. You know, their lives and their futures depend on this. But we let it go on, don't we? You don't know about this because you're a nice, new, clean-cut young fellow, but, you know. I mean, someday this is going to be a black mark on our history. I think it already is. So, you know, how are you going to argue that he wasn't represented by competent counsel? I got more, you know. Look. I got it all tabbed here. No, look. Yes, Your Honor, I see. I see. And several points in response to that. One is the actions of Mr. Volanati that he's been reprimanded for do not necessarily mean that he acted incompetently or ineffectively in this case. Can I ask you one question? Judge Braggerson has just indicated a number of complaints that have been made against various lawyers. Was any of this litigated in Mr. Katz's case before the agency? Your Honor, the only ineffective assistance of counsel claim that was raised before the agency was the claim against Ms. O, who represented Mr. Katz in front of the immigration judge. Now, Ms. O is a member of the California Bar, has not been disbarred, as far as I'm aware. And, indeed, Mika's counsel seeks to suggest that her actions were ineffective because the principle in the law firm that she belongs to was suspended from the bar. And that does not follow that Ms. O ineffectively represented Mr. Katz in that instance. But what evidence, if any, was introduced before the agency challenging Ms. O's actions? Your Honor, there was no evidence challenging Ms. O's actions. In fact, there's no evidence that she acted inappropriately. There's no evidence that she and Mr. Kotter did not have a discussion about the possibility of pursuing. Has she ever met her client before the hearing? I believe the evidence in the record suggests that they had a meeting five minutes before the hearing. Five minutes before the hearing. That's a great way to prepare for a hearing where someone's future is involved, huh? Indeed, Your Honor. There's also no evidence that she didn't have a discussion with Mr. Volanotti's firm about the merits of Mr. Kotter's case, about whether to pursue a continuance based on the labor certification application that was pending at that time. And there's no indication that a different lawyer would have pursued that, given the tenuous nature of receiving a continuance based on that. A petition for labor certification places Mr. Kotter at no better position. We don't know because he didn't have good representation throughout. Your Honor, we don't... He was really caught in a nest of vipers, if you think about it. Your Honor, I'm trying to impute the ineffectiveness that Mr. Volanotti has been... No, no, not Volanotti. I gave you a whole list of people. Indeed, Your Honor, and again... ...with the law firm of Bruno. Your Honor, even if Mr. Rosenberg or Mr. X... Didn't you see this pattern? Indeed. And he's trapped in it, this web. Indeed, Your Honor. But even if Mr. Rosenberg and Mr. X, the notario, provided ineffective assistance after the fact, after that hearing before the immigration judge, which is the only claim of ineffective assistance that has been raised, it doesn't change the outcome of this case. Because he did not have prima facie eligibility for the relief that he was seeking for his motion to reopen. Well, we don't really know that, do we? If he'd had a good lawyer, we don't know what a good, competent lawyer would have brought up. I mean, here's Volanotti with what? Would I have 2,720 immigration cases in two years, huh? For the motion to reopen. I mean, he could have taken care of 10 cases while I'm talking to you right now. Again, Your Honor, the fact that Mr. Volanotti has been disciplined does not mean that Ms. O... During those years, he was making $250,000 a year. Indeed, Your Honor, I absolutely understand what you're saying. But the fact that he provided ineffective representation there does not mean that Ms. O provided ineffective representation in front of the immigration judge.  But we don't know exactly what the nature of that relationship was, what the agreement was, because there was no compliance with Lozada here. There was no indication as to what their... Well, you don't have to worry about Lozada when you've got a history of incompetence in competent counsel like we have here. Your Honor, it was certainly... We've got cases on that. I see my time is up. May I finish the thought? That's all right. I enjoy talking to you. The feeling is mutual, Your Honor. In a case such as this, it would matter to comply with Lozada because we don't know, and it would provide assurances to the BIA that, in fact, ineffective assistance was demonstrated here. We just don't have that assurance. And even if there was ineffective assistance after the immigration judge, Mr. Volanotti still did not demonstrate prima facie eligibility for the motion to reopen. With that, I thank you very much, Your Honor. Okay. Thank you very much. If I rebuttal. I'm against QRI has nothing further to add, but we would like to answer any questions that the panel might have. Was the ineffective assistance of anyone other than Nizot litigated before the agency in Mr. Kata's case? That's an excellent question, Judge Singleton. And I think that bears to the issue of whether this court has jurisdiction to renew the claims against Mr. Salcino, the notorial, and Mr. Rosenberg, the former counsel. And no, actually, they weren't. Aside from Ms. O's conduct, the board did not renew it. However, in order for the board to have known about Mr. Salcino, the notorial, or Mr. Salcino, Mr. Rosenberg would have had to do a proper job in representing Mr. Katra in the motion to reopen. He clearly didn't. Counsel, the concern I'm having is that if I understand your argument correctly, this court should simply abandon its role as an appellate court and become basically a trial court or a jury and make fact findings. And I don't understand under what authority an appellate court can make fact findings about events that occurred out of its immediate presence. Two points on that issue. The first one is, with remarks for motions to reopen, this court has held that an alien is not required to administratively exhaust remedies that arise based on events after the briefing. And in this case, Mr. Rosenberg's deficient assistance   in the trial court's role as an appellate court is not required. Is your interpretation of those cases that the distinction between trial courts and appellate courts disappears and the appellate court is free to make any fact findings that appear to its sense of justice and equity? No, Your Honor. At the same time, this panel can't fault Mr. Katra for not knowing beforehand that Mr. Rosenberg was basically doing a horrible job. Well, how can the court exercise authority as an appellate court reviewing a decision of the agency where the agency made no decision to review? And that's why in the alternative, Mr. Pierotti is seeking for the panel to remand to the board so that Mr. Katra may present these additional inefficient assistance of counsel claims. However, a final point on that, my second point is that, as the respondent correctly stated, even if this court were to not review Mr. Salcino and Mr. Rosenberg's ineffective assistance, on the record, Mr. Malinati and Ms. O are on the record, the board reviewed it and the immigration judge reviewed it. And there is sufficient substantial evidence to show that both are more ineffective in representing Mr. Katra. So even if this court deemed that it lacks jurisdiction as an appellate body to review these new claims that have not been administratively exhausted, the court can still hold that Mr. Katra – that the board abuses discretion and grant Mr. Katra his motion to reopen. Any other questions? Well, first of all, we're not dealing with a United States district court here. We're not dealing with a court, the immigration court, which permits disbarred lawyers to practice before us. We're not dealing with a court that routinely and knowingly permits counsel to represent applicants, knowing the structure of how this representation takes place through notarios, representation lawyers, people who are handling thousands of cases a year and are aware that in many cases the lawyers who are representing these folks have maybe spent five minutes with them. So we have a different situation here, and there shouldn't be any problem sending this back to give this gentleman here an opportunity to move to reopen based on ineffective assistance of counsel. I mean, you can't ask – Rosenberg wouldn't bring it up because he was having his problems. Oh, and the other gentlemen, they're fine so far as we know now. But they're tied in with these folks, so you can't expect them to raise problems of ineffective assistance of counsel. So that's our problem here. I see that my time is up. May I make my concluding remarks? So in conclusion, if our government wants to deport Mr. Katra and endanger his life and separate him from his wife and two young children, due process requires that Mr. Katra be given a fair hearing with competent counsel. The children were born here, weren't they? No, unfortunately. Where were the children born? In Lebanon. Where? Lebanon. Lebanon. Okay. And this Court can ensure that. This Court can ensure justice by granting Mr. Katra's motion to reopen. Thank you so much for your time. All right. Can I make one personal comment, Your Honor? Certainly. On behalf of all of us out here, I was admitted. These young lawyers have been treated very nicely in this Court. I must say I'm proud of the Court for that because I was admitted only 59 years ago, and they were nice to me. So my congratulations. You were admitted 59 years ago? Well, I got you beat by six years. Not by very much. Not by very much. Yeah, well, as time marches on, it gets narrower and narrower. All right. Thank you very much. All right. Now we come to Gonzalez-Garcia v. Mukasey.
judges: Pregerson, Nelson, Singleton